IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00942-MEH

SENSORIA, LLC, *et. al*,
Plaintiffs,

v.

JOHN D. KAWESKE, *et. al*.
Defendants.

---

DEFENDANTS' (BRIAN TANNEBAUM AND TANNENBAUM & TROST, LLC) REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS

---

Defendants, Brian Tannenbaum and Tannenbaum & Trost, LLC, through counsel, Deisch, Marion & Klaus P.C. respectfully submit their Reply to the Response [Doc. 178] of Plaintiffs to the Motion to Dismiss [Doc. 170] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as follows:

1. **Introduction**.[1]

The essence of the Second Amended Complaint ("SAC") remains that Kaweske and Peterson solicited Gordon Martin (SAC ¶¶ 2 & 41) and made certain representations and promises regarding the big plans of Clover Top Holdings, Inc. ("Clover Top"), a Delaware corporation (SAC ¶ 6), to become a profitable cannabis business. (SAC ¶¶ 2 & 42). Clover Top

---

1. This introduction, including a summary of Plaintiffs' factual allegations, is included again because it shows two parallel chains of events. On one hand, the alleged activities of Kaweske and Peterson with the Plaintiffs and others related to investment in Clover Top. On the other hand, the alleged activities of Kaweske and Peterson and the Tannenbaum Defendants acquiring cannabis licenses and cannabis related assets on their own and through other entities. Understandably, Plaintiffs alleged that the cannabis licenses and cannabis related assets should have been purchased by Clover Top. They were not, and like all parallel lines these two chains of events do not cross.

**Reply in Support of Motion to Dismiss**                                                                                          **Page 1**

never built a profitable cannabis business. In fact, Plaintiffs allege that Clover Top never paid its Delaware franchise taxes, failed to file Delaware annual reports after 2016, never had shareholders' meetings, and never produced financial and tax documents. (SAC ¶¶ 92-97). Clover Top never registered to do business in Colorado until September 22, 2017. (SAC ¶ 76) Similarly, Clover Top never purchased or owned any cannabis assets in its own name (SAC ¶¶ 104 & 119).[2] Kaweske and Peterson purchased cannabis licenses and cannabis related businesses and assets on their own and through other entities. (*e.g.* SAC ¶¶ 37-39). At the end of the day, Kaweske purportedly squeezed out Peterson (SAC ¶ 115) and then left the Plaintiffs holding worthless shares of stock in Clover Top (SAC ¶ 104).

The Complaint does not allege that the Tannenbaum Defendants participated in any of the alleged representations and promises regarding Clover Top. Rather, by virtue of their status as lawyers,[3] the Tannenbaum Defendants must have known of the Plaintiffs (SAC ¶ 33) and knowingly assisted Kaweske and Peterson in their acquisition of cannabis related assets expressly against the alleged interests of the Plaintiffs. (SAC ¶ 179) Plaintiffs now claim, *inter alia*, that the Tannenbaum Defendants committed malpractice, breached fiduciary duties, and aided and abetted Kaweske and Peterson in the breach of their fiduciary duties. In response the Tannenbaum Defendants assert that the Second Amended Complaint should be dismissed because it (1) states claims based on a promised state of affairs that would have been illegal and impossible under Colorado law, (2) improperly asserts a duplicative claim for breach of fiduciary duty against the Tannenbaum Defendants, and (3) fails to cure defects in the prior versions.

---

2. In SAC ¶ 119, Plaintiffs identify the so-called assets of Clover Top as "intended assets."
3. The retainer letter alleged in SAC ¶ 33, only references "[r]epresentation and consulting regarding the purchase and/or sale of certain marijuana licenses, and any other services the Client may request from time to time." In Plaintiffs' Second Amended Complaint, however, that has morphed by conclusory allegations into all manner of

**Reply in Support of Motion to Dismiss** **Page 2**

Plaintiffs are actually taking a second or third bite of the apple, given that this is the third version of the complaint filed in this case and the most recent version attempts to resurrect claims previously dismissed. Plaintiffs now have the benefit of the Court's ruling in its Order on January 12, 2021, [Doc. 150]. The Tannenbaum Defendants also now have benefit of that Order.

## 2. **Standard of Review**.

A complaint will not suffice if it makes "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557, 127 S. Ct. 1955, 1966 (2007). The United States Supreme Court noted the forgoing in the context of considering allegations of parallel conduct failing to support a conspiracy by the assertion of conclusory allegations. *Id*.

Therefore this Court can and should draw "reasonable" inferences, but it is not obligated to draw unreasonable inferences, or accept as true legal conclusions couched as facts. *Id*. 550 U.S. at 555, 127 S. Ct. 1965. Many assumptions the Plaintiffs make do not logically or factually lead to the conclusion Plaintiffs ask the Court to reach. Instead the Plaintiffs ask the Court to make unreasonable inferences. Primarily among these unreasonable inferences is the inference of knowledge on the part of the Tannenbaum Defendants, which is improperly supported only by inconsistent, conclusory, and even farfetched allegations. This is a "must have known" case, wherein the Plaintiff is asking the Court to assume specific knowledge of particular facts and circumstances not reasonable inferred from the facts actually alleged.

## 3. **Impossibility**

Clover Top was previously incorporated in Delaware by Kaweske and Peterson. (SAC ¶ 6) Later Clover Top retained the Tannenbaum Defendants. At that time, Clover Top could not

---

general corporate law in both Colorado and Delaware, securities law, as well as finances and taxes.  (*e.g*. SAC 54)

**Reply in Support of Motion to Dismiss**                                                                                              **Page 3**

have legally been an owner of Cannabis licenses or an owner of Colorado entities that were lawful license owners. In other words, it was impossible for Clover Top to carry out the scheme of investment that the Plaintiffs' describe in their Second Amended Complaint. There are no facts alleged that it did. Plaintiff's Response, at pages 5-7, totally misunderstand the Tannenbaum Defendant's argument. It is not that Sensoria's investment in Clover Top was improper. Rather, it is Clover Top's investment in cannabis businesses that would have been impossible in 2016. As Plaintiffs themselves acknowledge, Clover Top never owned anything. *See* Doc. 178, p. 7 (Plaintiffs admit that "it remains to be determined whether Clover Top . . . ever owned any such interest in a marijuana license in Colorado in 2016.")(*See also* SAC ¶ 104). Moreover, Plaintiffs further allude to this exact issue in SAC ¶ 58, where they reference certain licenses "with registration to Kaweske as the only Clover Top principal who had Colorado residency at the time."[4] There are no express allegations that Clover Top directly engaged in any business activity in Colorado involving the Tannenbaum Defendants. Nor are there any allegations that the Tannenbaum Defendants actually preformed any legal work for Clover Top. Rather all of the alleged activity of Clover Top involved interactions between Kaweske and Peterson with the Plaintiffs and other purported investors in Clover Top outside Colorado and of which the Tannenbaum Defendants had no part.

Plaintiff's Response also fails to properly distinguish between license eligibility, beneficial interest, and corporate ownership if they are suggesting that somehow Clover Top could have legally been a holding company of cannabis businesses. As addressed in Tannenbaum Defendants Motion to Dismiss (Doc. 170, pp. 2-4) Clover Top did not meet the

---

4. SAC ¶ 58 is nonsensical or, at least contradictory, in that it, alleges that Clover Top purchased marijuana interests

**Reply in Support of Motion to Dismiss**                                                                                                    **Page 4**

residency requirements necessary to be an eligible owner of a cannabis license. Tannenbaum Defendant's reference to possible/probable advice at page 3 of its Motion, while factually accurate, was not intended as a statement of fact, but a rhetorical argument about the implausibility of Plaintiff's inference that the Tannenbaum Defendants were somehow involved in assisting Clover Top purchase cannabis interests, were involved in assisting Clover Top run cannabis businesses, or had knowledge of the Plaintiffs investment in Clover Top. The Court should not draw these unreasonable inferences.

### 4. Application of the Allegations and Law to the Claims.

#### A. Tenth Cause of Action

Plaintiffs Tenth Cause is problematic in that it purportedly includes claims for (i) breach of fiduciary duties by Kaweske and Peterson, (ii) breach of fiduciary duties by the Tannenbaum Defendants,[5] and (iii) legal malpractice. The confusion arises because this Cause blends together these three possible claims. Finally, in their Response (Doc. 178, p. 10) the Plaintiffs for the first time attempt to differentiate these three possible claims. With regard to the claims against the Tannenbaum Defendants, Plaintiffs now assert they include both violation of a standard of care (negligence) and violation of standard of conduct (breach of fiduciary duty). A breach of fiduciary duty claim against a lawyer should be dismissed as duplicative of a professional negligence claim if it is based on alleged breaches of the duties arising solely out of the attorney-client relationship. *Aller v. Law Office of Carole C. Schriefer,* 140 P.3d 23, 28 (Colo. App. 2005). This is the case where the two claims arise out of the same material facts. *See Brancato v. Panio*, 2013 WL 12324483 (February 21, 2013). In the case at bar, all the claims in this case

---

(which it couldn't) and at the same time Kaweske owned those interests.

**Reply in Support of Motion to Dismiss**                                                                                                                                     **Page 5**

arise out of the same set of material facts, namely the alleged solicitation and misrepresentations regarding Clover Top. All other circumstances are immaterial or irrelevant.

### (i) Standard of Conduct.

At Doc. 178, p. 9-10, Plaintiffs reference the Order (Doc. 150, p. 23) that states:

> Plaintiffs plead the general contours of a breach of fiduciary duty to the extent that the Tannenbaum Defendants represented other Defendants with interests contrary to Clover Top Holdings, Inc.'s and assisted them in taking actions that harmed it. The allegations raise questions about conflict of interest and the duty of loyalty not to compete.

By its pending Motion (Doc. 170), the Tannenbaum Defendants are challenging those general contours as they are now set forth in the SAC. The Court further noted that the allegations allowed an inference of "general knowledge." (Doc. 150, p. 23) Looking carefully at the allegations in the SAC, it is clear that the Court should not take that vague and general inference and then extrapolate to the specific and detailed inferences the Plaintiffs continue to suggest. As plead in the SAC, no one can say that the actions alleged in 2016 were contrary to the Plaintiffs in 2016. Clover Top could not undertake the relevant actions and those actions were undertaken by what Plaintiffs have plead were all of the principals of Clover Top in 2016. (SAC ¶¶ 27-29) As plead, the actions in 2016, were not a conflict. Moreover, any harm to Clover Top or the Plaintiffs was not because of the cannabis activity in 2016, but because Kaweske and Peterson mislead the Plaintiffs. This is where the meat-and-potatoes are; if there is any claim, it is a single claim arising from those facts.

The situation also brings to mind "corporate opportunity" cases where it is well established that it is not a usurpation of a corporate opportunity where the underlying corporation

---

5. Asserted by Sensoria only derivatively. (See Order Doc. 150, p. 23).

**Reply in Support of Motion to Dismiss**                                                                 **Page 6**

is not in a position to take advantage of the opportunity. *See Collie v. Becknell*, 762 P.2d 727, 730 (Colo. App. 1988)(*citing Bator v. Mines Development, Inc.*, 32 Colo. App. 320, 513 P.2d 220 (1973))(corporation cannot be said to have an actual or expected interest in an asset or property when it does not have the capability to purchase).

Plaintiffs (Doc. 170, p. 4) also misunderstands Tannenbaum Defendants argument about timing, which further undermines the reasonableness of any inference that the Tannenbaum Defendants had knowledge of the Plaintiff's relationship to Clover Top or the existence of any duty to the Plaintiffs. Plaintiffs' own allegation (SAC ¶ 27) asserts that Kaweske, Peterson, and Peterson's spouse were the only shareholder as of September 24, 2015. Likewise, they were the only directors and officers. (SAC ¶¶ 28-29). Accordingly, any conflict arose after-the-fact.

**(ii)    Standard of Care**.

Plaintiffs argue for a second distinct claim or cause, based solely on two allegations in paragraph 179 of the SAC. First, Plaintiffs allege that in 2019 the Tannenbaum Defendants "failed to maintain Clover Top's corporate status and assure compliance with governing law to keep Clover Top a viable entity." (SAC ¶ 179) This is a red herring. Even assuming the Tannenbaum Defendants were charged with this task, such result is far outside and after relevant transactions and occurrences that give rise to Plaintiffs lawsuit and clearly no damage occurred from any alleged neglect to this duty. Moreover, this lapse allegedly occurred on February 1, 2019 (SAC ¶ 91) In the meantime, Clover Top's status in Delaware was long delinquent (SAC ¶¶ 92-93) and as pointed out above, Clover Top had engaged in no business activity in Colorado with the Tannebaum Defendants other than the retainer letter dated October 30, 2015. The alleged activity of Clover Top in Colorado was only intended and never actually occurred. (See

SAC ¶ 119)  This allegation does not support a claim for legal malpractice.

Second, Plaintiffs make the further conclusory allegation that "they [Tannenbaum] failed to assist Clover Top in complying with governing law." (SAC ¶ 179) This allegation does not support a claim of legal malpractice. There is no allegation that the Tannenbaum Defendants ever did any corporate filings for Clover Top.  Neither of these two allegations bear any relationship to the damages Plaintiffs allege.  It is not even clear what Plaintiffs allege was negligent or non-compliant about the second allegation.

### B.      **Fourteenth and Eighteenth Cause of Action**

Plaintiffs' *Fourteenth Cause of Action* asserts a claim of *Civil Conspiracy***.** This Cause was properly dismissed as against the Tannenbaum Defendant in the Court's Order (Doc. 150). Plaintiffs have reintroduced this cause and have added an Seventeenth Cause for Civil RICO. This Court's Order (Doc. 150, p 24) correctly found that the Plaintiffs failed to properly allege the element of a meeting of the minds.  Plaintiffs argue that the bald and again conclusory allegations in SAC ¶¶ 200 & 201 now establish that element.  Without any supporting facts, Plaintiffs merely allege that there was such a meeting of the minds.  That bald assertion flies in the face of other facts plead that show there was no damage or adverse/proximate result until Kaweske shut out Peterson and failed to deliver on his promises to Sensora. A court may not infer the agreement necessary to form a conspiracy. *Nelson v. Elway,* 908 P.2d 102, 106 (Colo.1995)*; More v. Johnson,* 193 Colo. 489, 494, 568 P.2d 437, 440 (1977) ("[S]ilent knowledge of an unlawful act is insufficient to establish the requisite agreement.").

*More v. Johnson, supra,* involved claims of trespass and conspiracy to commit trespass. *More v. Johnson* is another 'must have known' case. There, an engineer was retained to prepare a

survey and it was alleged that he conspired to commit a trespass because he, in essence "must have known" that the survey would be used for an illegal purpose. The Colorado Supreme Court refused to infer a meeting of the minds. *Id*.

### C. **Fifteenth Cause of Action.**

In Plaintiffs' *Fifteenth Cause of Action*, they assert a claim of *Aiding and Abetting Breach of Fiduciary Duty.* For all the reasons cited above that the breach of fiduciary cause fails, The Tannenbaum Defendants no more aided and abetted Kaweske and Peterson, than the Colorado Secretary of State or MED. The Tannenbaum Defendants performed lawful legal work unrelated to any misconduct Kaweske or Peterson directed to the Plaintiffs.

### E. **Sixteenth Cause of Action.**

Plaintiffs' *Sixteenth Cause of Action* asserts a claim of *Unjust Enrichment/Constructive Trust*. This Cause was dismissed as against the Tannenbaum Defendants in the Court's Order (Doc. 150, pp 28-29). Under Plaintiffs' theory of the case, Kaweske, Peterson, Clover Top, some individual or some entity would have necessarily incurred expenses to acquire cannabis licenses or assets. Because Clover Top could not acquire those licenses or assets, other individuals and entities would have necessarily been needed. Plaintiffs acknowledge this very fact in SAC ¶ 58, where they admit that they knew certain licenses were acquired "with registration to Kaweske as the only Clover Top principal who had Colorado residency at the time." Pursuant to the SAC, the Tannenbaum Defendants were not unjustly enriched, nor did their work result in any detriment to Clover Top or Sensora.

Plaintiffs cite *Scott v. Scott*, 428 P.3d 626, 636 (Colo. App. 2018) for general propositions of law, but the actual facts of *Scott v. Scott* demonstrate that those propositions are not applicable

to the facts of the case at bar. *Scott v. Scott* involved life insurance proceeds received by Donna Scott, which Roseann Scott claimed were promised to her in a separation agreement. *Id*. at 637–38. The Colorado Court of Appeals found that Donna Scott's good faith receipt of the insurance proceeds did not obviate the determination of whether the proceeds in equity and good conscience should go to Roseann Scott. *Id*. at 637[6]

Unlike the case of *Scott v. Scott,* the Tannenbaum Defendants never receive anything that was promised to the Plaintiffs or otherwise equitably claimed by the Plaintiffs. Nothing the Tannenbaum Defendants are alleged to have done was unjust or improper, particularly at the time they did it. Any injustice occurred only when Kawekse later did not tie the two separate lines or chains of parallel activities together. The Seventeenth Cause of Actions in the SAC should be dismissed as against the Tannenbaum Defendants once and for all.

**5.     Conclusion**.

It was impossible for Clover Top to be an owner of cannabis licenses or businesses in 2016. Maybe in October of 2015, Kaweske and Peterson wanted Clover Top to be an owner, but there are no facts alleging that it did. Rather what the Second Amended Complaint asserts is that Kaweske and Peterson lured the Plaintiffs into investing in Clover Top by passing off cannabis investments by Kaweske and Peterson as those of Clover Top. The Second Amended Complaint totally misses the mark in establishing any wrongdoing on the part of the Tannenbaum Defendants.

As against Tannenbaum, Plaintiffs' Second Amended Complaint is nothing more than an

---

6. Of further note, *Scott v. Scott* upheld the dismissal of a civil theft claim under the plausibility standard because of Roseann Scott's incomplete and conclusory allegations regarding Donna's Scotts knowledge of the separation agreement. *Id*. at 633-634.

**Reply in Support of Motion to Dismiss**                                                                                                          **Page 10**

attempt to find Tannenbaum guilty by mere association with the other Defendants in this case. For all the reasons above and in the Motion to Dismiss dated March 5, 2021, [Doc. 170] Defendants, Brian Tannenbaum and Tannenbaum & Trost, LLC, respectfully move this Court for an Order dismissing all claims as against them, with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this  23RD  day of April 2021.

                DEISCH, MARION & KLAUS, P.C.

                */s/Jeffrey B. Klaus*
                Timothy F. Marion, #20901
                Jeffrey B. Klaus, #15104
                851 Clarkson Street
                Denver, Colorado 80218
                303-837-1122 (phone)
                303-832-6750 (facsimile)
                jbk@deisch-marion.com
                tim_marion@deisch-marion.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23RD day of April 2021, a true and correct copy of the above and foregoing **REPLY IN SUPPORT OF RENEWED MOTION TO DIMSISS** were filed and/or served on the following by the means set forth below:

All Counsel of Record

*Attorneys for Plaintiffs*

Stephen K. Christiansen
Christiansen Law, PCCL
311 South State Street, Suite 250
Salt Lake City, UT 84111
Telephone: 801-716-7016
steve@skelawfirm.com
☐ fax   ☐ mail   ☐ delivery   ☒ "e-service"

Christopher. S. Peterson, *pro se*
330 E Costilla St, #418
Colorado Springs, CO 80903
646-220-4629
chris@blinghouse.com
☐ fax   ☒ mail   ☐ delivery   ☐ "e-service"

*Attorneys for Evangelista Defendants*

Matthew A. Steward
Shaunda L. McNeill
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
Facsimile (801) 521-6280
mas@clydesnow.com
slm@clydesnow.com
☐ fax   ☐ mail   ☐ delivery   ☒ "e-service"

*Attorneys for Kaweske Defendants*

Tamera D. Westerberg
Thomas A. Olsen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
westerberg@wtotrial.com
olsen@wtotrial.com
☐ fax   ☐ mail   ☐ delivery   ☒ "e-service"

                                */s/Jeffrey B. Klaus*
                                Jeffrey B. Klaus, #15104