UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-MEH

SENSORIA, LLC, directly on its own behalf and derivatively on behalf of CLOVER TOP HOLDINGS, INC., a Delaware corporation; and
GORDON MORTON,

        Plaintiffs,

v.

JOHN D. KAWESKE;
CHRISTOPHER S. PETERSON;
CLOVER TOP HOLDINGS, INC., a Delaware corporation;
CLOVER TOP HOLDINGS, a Colorado corporation;
AJC INDUSTRIES, LLC;
DURANGO MANAGEMENT, LLC;
SUNLIFE AG, LLC;
MMJ 95, LLC;
TWEEDLEAF LLC, a Colorado limited liability company;
TWEEDLEAF, LLC, a Delaware limited liability company;
LIFESTREAM HOLDINGS LLC;
ORDWAY FARMS LLC;
NORTH STAR HOLDINGS aka NORTH STAR HOLDINGS, INC.;
MANUEL WELBY EVANGELISTA aka WELBY EVANGELISTA;
DJDW, LLC;
JW COLORADO, LLC;
JW ORDWAY, LLC;
JW TRINIDAD, LLC;
BRIAN TANNENBAUM;
TANNENBAUM & TROST, LLC fka TANNENBAUM, TROST & BURK, LLC; and
DOES 1-100,

        Defendants.

**WELBY EVANGELISTA, NORTH STAR HOLDINGS, AND DJDW, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Welby Evangelista ("Evangelista"); DJDW, LLC ("DJDW"); and North Star Holdings ("North Star") (collectively, the "Evangelista Defendants") submit this reply memorandum in support of their Motion to Dismiss the Second Amended Complaint (the "Motion") (Doc. 168).

In their Motion, the Evangelista Defendants sought dismissal of all causes of action asserted against them in the Second Amended Complaint on the basis of illegality. The Evangelista Defendants also sought dismissal of the RICO claim (Cause of Action No. 17) for the additional reasons that RICO claim is barred by the *in pari delicto* doctrine and is not adequately pleaded. The Evangelista Defendants joined in and incorporated the arguments made in the Kaweske Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Kaweske Motion") [Dkt. 165]. In this reply memorandum, the Evangelista Defendants again join in, adopt, and incorporate by reference the arguments made in the reply memorandum submitted by the Kaweske Defendants (Doc. 185).

In opposition to the Evangelista Defendants' Motion, Plaintiff incorporated by reference his opposition to the Kaweske Motion. In addition, Plaintiff criticized the Evangelista Defendants' Motion as inadequate because it did not "address the facts alleged separately against *them* as defendants" or "show how the Kaweske Defendants' arguments apply to *them* or to the allegations against *them*." Opp. at 3 (emphasis in original). These criticisms ring hollow because there is no cause of action against any of the Evangelista Defendants that is not also asserted against John Kaweske or the other Kaweske Defendants. Indeed, in the Court's Order granting the defendants' previous motions to dismiss the First Amended Complaint, the Court observed that "Plaintiffs assert no claims unique to the Evangelista Defendants but rather include them in

the claims against the Kaweske Defendants." (Doc. 150 at pp. 7-8.) The Court went on to note that the Evangelista Defendants had adopted the arguments raised by the Kaweske Defendants and therefore did not need to be discussed separately in the Order. (*Id.* at p. 8.) At the conclusion of the Order, the Court dismissed all claims against the Evangelista Defendants on the basis of illegality. (*Id.* at p. 32.)

As the Court has previously ruled, the illegality defense provides a basis for dismissal of *all claims* against *all parties* (except for the Tenth Cause of Action against the lawyer defendants) because Plaintiff cannot seek relief in federal court based on its investment in an illegal business. This defense is based on the illegal nature of the enterprise and the nature of the relief sought, not on the factual allegations against particular defendants.

Similarly, the RICO claim (Cause of Action No. 17) can and should be dismissed for reasons unrelated to the factual allegations against particular defendants. The *in pari delicto* defense is based on Plaintiff's own participation in an illegal business, which bars Plaintiff from receiving treble damages or other relief under the RICO statute. Plaintiff's failure to identify a property interest cognizable under the RICO statute is similarly unrelated to the factual allegations against particular defendants.

The Evangelista Defendants are similarly situated to the Kaweske Defendants with respect to the bases for dismissal set forth in the Kaweske Motion. It is therefore appropriate and furthers the interests of efficiency and judicial economy for the Evangelista Defendants to rely on the arguments made by the Kaweske Defendants rather than file their own lengthy briefs duplicating the Kaweske Defendants' arguments.

## **CONCLUSION**

Evangelista, DJDW, and North Star respectfully request that the Court enter an order dismissing all claims asserted against them in Plaintiffs' Second Amended Complaint with prejudice.

Dated: April 30, 2020.                                                      Respectfully submitted,


/s/ Matthew A. Steward
Matthew A. Steward
Shaunda L. McNeill
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
Facsimile (801) 521-6280
mas@clydesnow.com
slm@clydesnow.com

*Attorneys for Defendants Welby Evangelista, DJDW, LLC, and North Star Holdings*