## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00942-MEH

SENSORIA, LLC, directly on its own behalf and derivatively on behalf of Clover Top Holdings, Inc., and GORDON MORTON,
Plaintiffs,

v.

JOHN D. KAWESKE, et. al.
Defendants.

---

## ANSWER, AFFIRMATIVE DEFENSESAND JURY DEMAND TO PLAINTIFFS' VERIFIED THRID AMENDED COMPLAINT AND JURY DEMAND

---

Defendants, Brian Tannenbaum and Tannenbaum & Trost, LLC, through counsel, Deisch, Marion & Klaus P.C. hereby states for their Answer, Affirmative Defenses, and Jury Demand to the Verified Third Amended Complaint with Jury Demand (Dkt. 155) (hereinafter "Amended Complaint") as follows:

## I.      INTRODUCTION

Subject to the affirmative defenses plead herein; Defendants, Brian Tannenbaum and Tannenbaum & Trost, LLC ("Tannenbaum Defendants"), Answer the Third Amended Complaint (Dkt 206) as set out below.  Tannenbaum Defendants generally deny the claims asserted against them. Tannenbaum Defendants objects to the Third Amended Complaint to the extent that Plaintiffs' include multiple allegations and narrative statements in the same paragraph. Tannenbaum Defendants only answers allegations directed at them for which they are otherwise capable of answering.  Tannenbaum Defendants are without sufficient information to answer any allegation directed at other Defendants.  Tannenbaum Defendants note that Plaintiff has not yet produced any Rule 26(a) disclosure documents in this case.  Tannenbaum Defendants reserve the right to further amend or supplement this Answer upon receipt of such documents.

## II.      ANSWER

1.      The narrative in Paragraph 1 of Plaintiffs' Third Amended Complaint is a narrative statement and argument and is not an allegation of fact requiring a further answer, nor is it directed against the Tannenbaum Defendants.  Any factual allegation express or implied in Paragraph 1 is otherwise denied.

2.      The narrative in Paragraph 2 of Plaintiffs' Third Amended Complaint is a narrative statement and argument and is not an allegation of fact requiring a further answer, nor is it directed against the Tannenbaum Defendants.  Any factual allegation express or implied in Paragraph 2 is

1

otherwise denied.

3.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 3 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

4.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 4 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

5.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 5 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

6.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 6 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations. Such allegations also purport to make conclusion of law for which no further response is required.

7.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 7 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

8.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 8 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

9.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 9 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

10.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 10 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

11.      Tannenbaum Defendants are without information sufficient to admit or deny the allegations in paragraph of 11 of Plaintiffs' Third Amended Complaint, and therefore deny such allegations.

12.      Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 12 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

13.      Tannenbaum Defendants is otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 13 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this

answer after disclosure and discovery.

14.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 14 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

15.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 15 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

16.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 16 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants denies that Tannenbaum, Trost & Burk, LLC is the current registered agent of Durango Management, LLC Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

17.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 17 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants further state that the records of the Colorado Secretary of State speak for themselves and no further response is required.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

18.     Tannenbaum Defendants is otherwise without sufficient information at this time to admit or deny such allegations in Paragraph 18 of Plaintiffs' Third Amended Complaint and, therefore denies the same.  Tannenbaum Defendants further state that the records of the Colorado Secretary of State speak for themselves and no further response is required.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

19.     Tannenbaum Defendants is otherwise without sufficient information at this time to admit or deny such allegations in Paragraph 19 of Plaintiffs' Third Amended Complaint and, therefore denies the same.  Tannenbaum Defendants further state that the records of the Colorado Secretary of State speak for themselves and no further response is required.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

20.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of allegations in Paragraph 20 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

21.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of the allegations in Paragraph 21 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

22.     Tannenbaum Defendants are otherwise without sufficient information at this time

to admit or deny all of the allegations in Paragraph 22 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

23.     Tannenbaum Defendants state that the records of the Colorado and Wyoming Secretaries of State referenced in Paragraph 23 speak for themselves and no further response is required. Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 23 of Plaintiffs' Third Amended Complaint and, therefore denies the same.

24.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 24 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

25.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of the allegations in Paragraph 25 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

26.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny all of the allegations in Paragraph 21 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

27.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 27 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

28.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 28 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

29.     Tannenbaum Defendants admit the allegations in Paragraph 29 of Plaintiffs' Third Amended Complaint.
.
30.     Tannenbaum Defendants admit the allegations in Paragraph 30 of Plaintiffs' Third Amended Complaint.

31.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 31 of Plaintiffs' Third Amended Complaint and, therefore denies the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

32.     In response to the allegations in Paragraph 32 of Plaintiffs' Third Amended

Complaint, Tannenbaum Defendants do not object to the Jurisdiction of this Court.

33.     In response to the allegations in Paragraph 33 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants do not object to venue in Colorado.

34.     The narrative in Paragraph 34 of Plaintiffs' Third Amended Complaint is a narrative statement and argument and is not an allegation of fact requiring a further answer, nor is it directed against the Tannenbaum Defendants.   Any factual allegation express or implied in Paragraph 34 is otherwise denied.
.
35.     Tannenbaum Defendants admit the allegations in Paragraph 35 of Plaintiffs' Third Amended Complaint.

36.     Tannenbaum Defendants admit the allegations in Paragraph 36 of Plaintiffs' Third Amended Complaint.
.
37.     Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 37 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

38.     Tannenbaum Defendants are without any information as to what Peterson may or may not have asserted, and therefore deny any assertion.  Tannenbaum Defendants expressly deny the allegations in Paragraph 38 of Plaintiffs' Third Amended Complaint purportedly attributed to Peterson.

39.     Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 39 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

40.     Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 40 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

41.     Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 41 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants further state that any documents referenced in Paragraph 41, speak for themselves and no further response is required.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

42.     Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 42 of Plaintiffs' Third Amended Complaint and, therefore denies the same.  Tannenbaum Defendants further state that the "written materials" speak for themselves and no further response is required.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

43.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 43 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Paragraph 43 also refers to written materials which will speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

44.      Paragraph 44 of Plaintiffs' Third Amended Complaint purports to be statements of law or legal conclusions for which no response is required.  Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the allegations in Paragraph 44 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

45.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 45 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

46.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 46 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

47.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 47 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

48.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 48 of Plaintiffs' Third Amended Complaint and, therefore denies the same.  Tannenbaum Defendants further state that any documents regarding the proceedings referenced in Paragraph 48 speak for themselves and no further response is required.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

49.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 49 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

50.      Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 50 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

51.      Tannenbaum Defendants are without sufficient information at this time to admit or deny all of the allegations in Paragraph 51 of Plaintiffs' Third Amended Complaint and, therefore

denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

52.   Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 52 of Plaintiffs' Third Amended Complaint and, therefore deny the same.   Tannenbaum Defendants deny all remaining allegations concerning Clover Top shareholders or potential investors.

53.   Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 53 of Plaintiffs' Third Amended Complaint and, therefore denies the same.   Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

54.   To the extent such allegations refer to the Tannenbaum Defendants, the Tannenbaum Defendants deny the allegations in Paragraph of 54 of Plaintiff's Third Amended Complaint. Tannenbaum Defendants are otherwise without sufficient information at this time to admit or deny the remaining allegations in Paragraph 54 of Plaintiffs' Third Amended Complaint and, therefore deny the same.

55.   Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 55 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

56.   In response to the allegations in Paragraph 56 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the United States Patent and Trademark Office speak for themselves and no further response is required.

57.   Tannenbaum Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 57 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

58.   In response to the allegations in Paragraph 58 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants admit to a certain engagement letter dated October 30, 2015. Such engagement letter speaks for itself.

59.   Tannenbaum Defendants deny the allegations in Paragraph 59 of Plaintiffs' Third Amended Complaint.

60.   Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 60 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

61.   Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 61 of Plaintiffs' Third Amended Complaint and, therefore deny the

same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.  To the extent Paragraph 61 references one or more documents, such documents speak for themselves and no further response is required.

62.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 61 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Tannenbaum Defendants further state that the referenced "Email correspondence" speaks for itself and no further response is required.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 62 of Plaintiffs' Amended Complaint.

63.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 63 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

64.     Tannenbaum Defendants deny the allegations in Paragraph 64 of Plaintiffs' Third Amended Complaint and, therefore deny the same. The allegations in Paragraph 64 also refer to one or more documents which speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

65.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 65 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Tannenbaum Defendants admit that they assisted Kaweske in certain transactions. Tannenbaum Defendants further state that the allegations in Paragraph 65 of Plaintiffs' Third Amended Complaint are too vague and confusing to provide further answer.

66.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 66 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

67.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 67 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

68.     The allegations in Paragraph of 68 of Plaintiffs' Third Amended Complaint. references an email which will speak for itself.  Tannenbaum Defendants admit that they exchanged emails with Peterson on or about April 25, 2016.
.
69.     Tannenbaum Defendants deny the allegations in Paragraph 69 of Plaintiffs' Third Amended Complaint. To the extent the allegations in Paragraph 69 of Plaintiffs' Third Amended Complaint references documents, such documents which will speak for themselves, Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

70.     In response to the allegations in Paragraph 70 of Plaintiffs' Third Amended

Complaint, Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves and no further response is required.

71.    Tannenbaum Defendants deny the allegations in Paragraph 71 of Plaintiffs' Third Amended Complaint. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

72.    Tannenbaum Defendants deny the allegations in Paragraph 72 of Plaintiffs' Third Amended Complaint. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

73.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 73 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Tannenbaum Defendants further state that the "investor update" speaks for itself and no further response is required. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

74.    In response to the allegations in Paragraph 74 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 74 of Plaintiffs' Amended Complaint.

75.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 75 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants further state that the "investor update" speaks for itself and no further response is required. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

76.    Tannenbaum Defendants deny the allegations in Paragraph 76 of Plaintiffs' Third Amended Complaint. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

77.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 77 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

78.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 78 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

79.    Tannenbaum Defendants are without any information at this time to admit or deny

the allegations in Paragraph 78 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Otherwise, the records of the Colorado Secretary of State speak for themselves and no further response is necessary.

80.     In response to the allegations in Paragraph 80 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 80 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

81.     In response to the allegations in Paragraph 81 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 81 of Plaintiffs' Third Amended Complaint, and therefore deny the same.

82.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 82 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

83.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 83 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

84.     In response to the allegations in Paragraph 84 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 84 of Plaintiffs' Third Amended Complaint.

85.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 85 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

86.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 86 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

87.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 87 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

88.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 88 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after

disclosure and discovery.

89.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 89 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

90.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 90 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

91.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 91 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

92.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 92 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

93.     The allegations in Paragraph 93 of Plaintiffs' Third Amended Complaint refer to documents or letters that speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

94.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 94 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

95.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 95 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

96.     The allegations in Paragraph 96 of Plaintiffs' Third Amended Complaint refer to documents or letters that speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

97.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 97 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and

discovery.

98.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 98 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

99.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 99 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants admits they assisted with a certain JW Ordway filing. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

100.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 100 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

101.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 101 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

102.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 102 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

103.    In response to the allegations in Paragraph 103 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Colorado and Wyoming Secretaries of State speak for themselves and no further response is required.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 103 of Plaintiffs' Third Amended Complaint.

104.    In response to the allegations in Paragraph 104 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves and no further response is required.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 104 of Plaintiffs' Third Amended Complaint.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

105.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 105 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the United States Patent and Trademark Office speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

106.     In response to the allegations in Paragraph 106 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 106 of Plaintiffs' Third Amended Complaint.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

107.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 107 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

108.     In response to the allegations in Paragraph 108 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Securities and Exchange Commission speak for themselves and no further response is required. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

109.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 109 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

110.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 110 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

111.     In response to the allegations in Paragraph 111 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves.  Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 111 of Plaintiffs' Third Amended Complaint.

112.     In response to the allegations in Paragraph 112 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants state that the records of the Delaware Division of Corporations speak for themselves.   Otherwise, Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 112 of Plaintiffs' Third Amended Complaint.

113.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 113 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

114     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 114 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

115.     Tannenbaum Defendants are without any information at this time sufficient to

admit or deny the allegations in Paragraph 115 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

116.    Tannenbaum Defendants are without information at this time sufficient to admit or deny the allegations in Paragraph 116 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

117.    Tannenbaum Defendants are without information at this time sufficient to admit or deny the allegations in Paragraph 117 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

118.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 118 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

119.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 119 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

120.    Tannenbaum Defendants are without information at this time to admit or deny the allegations in Paragraph 120 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

121.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 121 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

122.    The allegations in Paragraph 122 of Plaintiffs' Third Amended Complaint purport to state conclusions of law for which no further response is necessary.

123.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 123 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

124.    Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 124 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

125.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 125 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

126.     The allegations in Paragraph 126 of Plaintiffs' Third Amended Complaint are narrative and argument and do not state an allegation of fact for which any further response is necessary.

127.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 127 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

128.     Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 128 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

129. Tannenbaum Defendants are without any information at this time to admit or deny the allegations in Paragraph 129 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

130.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 130 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

131.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 131 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the Colorado Secretary of State speak for themselves.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

132.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 132 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the United States Patent and Trademark Office speak for themselves.  Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

133.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 133 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants state that the records of the Colorado  and Wyoming Secretaries of State speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

134.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 134 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

135.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 135 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

136.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 136 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Tannenbaum Defendants state the certain demand letter referenced speak for themselves. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

137.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 137 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

138.    The allegations in Paragraph 138 of Plaintiffs' Third Amended Complaint do not state any assertions of fact for which a further response is necessary. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

139.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 138 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants are without information regarding the assertions of Peterson. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

140.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 140 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

## DERIVATIVE CLAIM PREREQUISITES

141.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 141 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery

142.    Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 142 of Plaintiffs' Third Amended Complaint and, therefore deny the same. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

143.     Tannenbaum Defendants are without any information at this time sufficient to admit or deny the allegations in Paragraph 143 of Plaintiffs' Third Amended Complaint and, therefore deny the same.  Tannenbaum Defendants deny the allegations in Paragraph 143.N. Tannenbaum Defendants reserve the right to amend or supplement this answer after disclosure and discovery.

## FIRST CAUSE OF ACTION
### (Declaratory, Injunctive, and Other Equitable Relief Including an Accounting)

144. to 154.     In response to the allegations in Paragraphs of 144 to 154 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations assert statements of law and legal conclusions for which no response is required.  Tannenbaum Defendants otherwise deny the allegations in Paragraph 154.

## THIRD CAUSE OF ACTION
### (Violation of Securities Exchange Act of 1934, §§ 10(b) & 20(a) & Rule 10b-5)

155. to 165.     In response to the allegations in Paragraphs of 155 to 165 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## THIRD CAUSE OF ACTION
### (Violation of Colorado Securities Act, C.R.S. §§ 11-51-501 & -604)

166. to 172.     In response to the allegations in Paragraph of 166 to 172 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## FOURTH CAUSE OF ACTION
### (Violation of Utah Uniform Securities Act, Utah Code §§ 61-1-1 & -22)

173. to 176.     In response to the allegations in Paragraph of 173 to 176 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

177. to 182.     In response to the allegations in Paragraph of 177 to 182 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## SIXTH CAUSE OF ACTION
### (Breach of Contract)

183. to 188.    In response to the allegations in Paragraph of 183 to 188 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## SEVENTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

189. to 194.    In response to the allegations in Paragraph of 186 to 194 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## EIGHTH CAUSE OF ACTION
### (Fraudulent Misrepresentations and Nondisclosures)

195. to 199.    In response to the allegations in Paragraph of 195 to 199 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## NINTH CAUSE OF ACTION
### (Negligent Misrepresentation)

200. to 202.    In response to the allegations in Paragraph of 200 to 202 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## TENTH CAUSE OF ACTION
### (Corporate Waste)

203. to 205.    In response to the allegations in Paragraph of 203 to 205 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## ELEVENTH CAUSE OF ACTION
### (Legal Malpractice)

206.    In response to the allegations in Paragraph of 206 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants restates and incorporates its responses stated herein.

207.    In response to the allegations in Paragraph of 207 of Plaintiffs' Third Amended

Complaint, Tannenbaum Defendants state that such allegations purport to state conclusions of law. Tannenbaum Defendants admit that they owed a duty of care only as attorneys, and only to the extent they were asked to and did perform legal services, and otherwise subject to the Affirmative Defenses asserted herein. Tannenbaum Defendants deny that they owed any other duty, fiduciary or otherwise. The Tannenbaum Defendants deny that they breached any duty.

208.    Tannenbaum Defendants deny the allegations in Paragraph of 208 of Plaintiffs' Third Amended Complaint.

209.    Tannenbaum Defendants deny the allegations in Paragraph of 209 of Plaintiffs' Third Amended Complaint.

210.    Tannenbaum Defendants deny the allegations in Paragraph of 210 of Plaintiffs' Third Amended Complaint.

## TWELETH CAUSE OF ACTION
### (Conversion)

211. to 213.    In response to the allegations in Paragraph of 211 to 213 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## THIRTEENTH CAUSE OF ACTION
### (Civil Theft)

214. to 217.    In response to the allegations in Paragraph of 214 to 217 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied

## THIRFOURTEENTH CAUSE OF ACTION
### (Fraudulent Transfer)

218. to 225.    In response to the allegations in Paragraph of 218 to 225 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## FIFTEENTH CAUSE OF ACTION
### (Civil Conspiracy)

226. to 232    In response to the allegations in Paragraph of 226 to 232 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  Tannenbaum Defendants expressly deny the allegations in Paragraph of 229 of Plaintiffs' Third Amended Complaint. To the extent such allegations otherwise purport to assert factual allegations against the Tannenbaum Defendants,

such allegations are denied.

## SIXTEENTH CAUSE OF ACTION
### (Aiding and Abetting Breach of Fiduciary Duty)

233. to 236.    In response to the allegations in Paragraph of 233 to 236 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## SEVENTEENTH CAUSE OF ACTION
### (Unjust Enrichment/Constructive Trust)

237. to 240.    In response to the allegations in Paragraph of 237 to 240 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them (such allegations expressly exclude the Tannenbaum Defendants) and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## EIGHTEENTH CAUSE OF ACTION
### (Civil RICO)

241. to 253.    In response to the allegations in Paragraph of 241 to 253 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## NINETEENTH CAUSE OF ACTION
### (Civil RICO )

254. to 278.    In response to the allegations in Paragraph of 254 to 278 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

## EIGHTEENTH CAUSE OF ACTION
### (Civil RICO)

279. to 304.    In response to the allegations in Paragraph of 279 to 304 of Plaintiffs' Third Amended Complaint, Tannenbaum Defendants assert that such allegations are not asserted against them and that no further response is required.  To the extent such allegations purport to assert factual allegations against the Tannenbaum Defendants, such allegations are denied.

305.    Tannenbaum Defendants deny any allegation not expressly admitted.

## II.   **AFFIRMATIVE DEFENSES**

1.      All claims asserted against the Tannenbaum Defendants fail to state valid claims upon which relief can be granted.

2.      All claims asserted against the Tannenbaum Defendants are barred or diminished by the doctrines of unclean hands, waiver, ratification, latches, assumption of the risk, and estoppel.

3.      Plaintiffs' claims are barred or diminished to the extent that the Plaintiffs were negligent and have failed to take reasonable or sufficient steps to investigate the nature of the transactions underlying the claims asserted  and otherwise perform reasonable due diligence.  In particular, knowing that the alleged investment was in the cannabis industry, Plaintiffs failed to reasonable investigate the legality of such investment or the legality of proposed structure of the alleged investment.  Plaintiffs' damages are reduced by Plaintiffs' negligence under the Colorado Comparative Negligence statute, C.R.S. 13-21-111.

4.      Tannenbaum Defendants owed no duty Sensoria or Gordon Morton.  Tannenbaum Defendants owed no duty to Clover Top Holdings, Inc. independent of their role as attorney. A breach of fiduciary duty claim should be dismissed as duplicative of a professional negligence claim if it is based on alleged breaches of the duties arising out of the attorney-client relationship. *Aller v. Law Office of Carole C. Schriefer,* 140 P.3d 23, 28 (Colo. App. 2005) ("A breach of fiduciary duty claim asserted against a lawyer is a species of legal malpractice"); *see also Moguls of Aspen v. Faegre & Benson,* 956 P.2d 618, 621 (Colo. App. 1997) (where alleged acts or omissions by the attorney are based upon the attorney's alleged negligence and lack of due diligence, the breach of fiduciary duty claim is duplicative).

5.      Tannenbaum Defendants breached no duty or standard of care.  Plaintiff has failed to comply with C.R.S. 13-420-602. The scope of intended work for Clover Top Holdings, Inc. was trivial or extremely limited and involved primarily Cannabis licensing issues.  Such work did not violated the Colorado Rules of Professional Conduct, including Rule 1.7.   To the extent Tannenbaum became the attorney of Clover Top Holdings, Inc., it was in name only and the *de minimis* loss rule applies.

6.      Tannenbaum Defendants were not provided with all relevant information, notice, or other reason to believe that other shareholders of Clover Top Holdings, Inc. existed beyond Kaweske and Peterson.  Kaweske and Peterson represented that they were the sole and only shareholders, director, and officers of Clover Top Holdings, Inc.  *See* Paragraphs 35 and 36 of Plaintiffs' Third Amended Complaint.

7.       Plaintiffs' claims are barred or diminished to the extent that such claims would require the violation of the federal Controlled Substances Act, 21 U.S.C. §§ 802, 812, 841, and 844 ("CSA").

8.      Plaintiffs' claims are barred or diminished to the extent that the transactions Plaintiffs assert happened or Plaintiffs assert should have happened were impossible under the laws of Colorado regarding the cannabis business and industry existing at that time.  In particular,

non-resident entities and individuals were not permitted to own or invest in cannabis licenses or cannabis licensed entities.  *See* C.R.S. 12-43.3-307(1)(m)(2016)(repealed), and 1-CCR-212-1 M231(C)(13).

9.      Plaintiffs' claims are barred or diminished because Plaintiffs have not been damaged and because any damage caused were not caused by the Tannenbaum Defendants.  Any damage suffered by the Plaintiffs was caused solely or proximately by the actions (including fraudulent actions) of other Defendants in this action and third parties over whom the Tannenbaum Defendants had no control or right of control, including, but not limited to, injuries or losses were caused in whole or in part by other.  The acts of other Defendants in this action and third parties are intervening/superseding causes.

10.     Plaintiff has failed to mitigate damages as required by law.

11.      Plaintiff lacks federal subject matter jurisdiction.

12.     Tannenbaum Defendants' actions or omissions did not cause any injury, damage, or loss and/or were not a substantial or material factor in bringing about Plaintiffs' injuries, damages or losses.

13.     Plaintiff's injuries, damages or losses, if any, resulted from other, intervening, or superseding causes which Defendant had no control, and not from any act or omission of Defendant.

14.     The Tannenbaum Defendants shall not be liable for an amount greater than that represented by the degree or percentage of negligence or fault attributable to the Tannenbaum Defendants that produced the claimed damages. To the extent that any damages are deemed to fall within the non-party statute, C.R.S. § 13-21-111.5, for purposes of prorating liability, those additional persons and/or causes are hereby designated as non-parties and their identities should already be known to Plaintiffs.

15.     Any claim for non-economic loss or injury, if any, may not exceed the limit set forth under C.R.S. 13-21-102.5.

16.     Plaintiffs' damages, if any, and the Tannenbaum Defendants' liability, if any, must be determined in accordance with C.R.S. 13-21-111.5 and 13-21-111.6.

17.     Plaintiffs' damages, if any, are too speculative and too trivial.

18.     The circumstances giving rise to Plaintiffs alleged claims and damages could not have been reasonably anticipated or foreseen by Defendant in the exercise of due care, which bars or reduces Roberts' claims and damages.

19.     Plaintiffs' claims are barred or limited by the doctrine of *in pari delicto*.

20.     Plaintiffs' claims may be barred or limited by the proper exercise of professional judgment and/or the doctrine of judgmental immunity.

21.     Plaintiffs' claims are barred by the applicable statute of limitations.

22.     Plaintiffs' claims against the Tannenbaum Defendant are frivolous and groundless pursuant to C.R.S. §13-17-101 et seq. which entitles the Tannenbaum Defendant to recover reasonable costs and attorneys' fees.

The Tannenbaum Defendants reserve the right to assert such other and further defenses as may be later discovered after disclosure and discovery.  Pursuant to Rule 11, any defense which is not supported by the evidence, upon completion of discovery, will be withdrawn prior to the start of trial.

WHEREFORE, Defendants, Brian Tannenbaum and Tannenbaum & Trost, LLC, hereby respectfully request that this Court dismiss, with prejudice, all claims asserted against it, assess costs as permitted by statute, and for such other and further relief as may be just and proper.

**TANNENBAUM DEFENDANTS DEMAND A TRIAL BY JURY**

Respectfully submitted,

Dated this <u>31ST</u> day of August 2021.

DEISCH, MARION & KLAUS, P.C.

<u>*/s/Jeffrey B. Klaus*</u>
Jeffrey B. Klaus, #15104
851 Clarkson Street
Denver, Colorado 80218
303-837-1122 (phone)
303-832-6750 (facsimile)
jbk@deisch-marion.com
*Counsel for Tannenbaum Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>31ST</u> day of August 2021, a true and correct copy of the above and foregoing **ANSWER TO THIRD AMENDED COMPLAINT AND JURY DEMAND** were filed and/or served on the following by the means set forth below:

All Counsel of Record

*Attorneys for Plaintiffs*

Stephen K. Christiansen
Christiansen Law, PCCL
311 South State Street, Suite 250
Salt Lake City, UT 84111
Telephone: 801-716-7016
steve@skelawfirm.com
☐ fax  ☐ mail  ☐ delivery  ☒ "e-service"

Christopher. S. Peterson, *pro se*
330 E Costilla St, #418
Colorado Springs, CO 80903
646-220-4629
chris@blinghouse.com

☐ fax  ☒ mail  ☐ delivery  ☐ "e-service"

*Attorneys for Defendants John Kaweske, et al*

Tamera D. Westerberg
Thomas A. Olsen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
westerberg@wtotrial.com
olsen@wtotrial.com
☐ fax  ☐ mail  ☐ delivery  ☒ "e-service"

*Attorneys for Evangelista Defendants*

Matthew A. Steward
Shaunda L. McNeill
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone 801-322-2516
Facsimile 801-521-6280
mas@clydesnow.com
slm@clydesnow.com
☐ fax  ☐ mail  ☐ delivery  ☒ "e-service"

*/s/Jeffrey B. Klaus*
Jeffrey B. Klaus, #15104