IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00942-MEH

SENSORIA, LLC, et al.,

                      Plaintiffs,

    vs.

JOHN D. KAWESKE,

                      Defendants.

---

**MOTION FOR LEAVE TO FILE OVERLENGTH JOINT RESPONSE BRIEF
IN OPPOSITION TO MOTIONS TO DISMISS**

---

Plaintiffs move for an order to exceed the page limitations set for their Plaintiffs' Joint Response Brief in Opposition to: (1) John Kaweske and the Entity Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, and (2) Welby Evangelista, North Star Holdings, and DJDW, LLC's. The grounds are as follows:

1.     D.C.COLO.LCivR 7.1(a) Certification: Counsel for the Plaintiffs certifies that he attempted in good faith to confer with counsel for the moving parties regarding the relief sought by this motion. As of the time for filing the joint response to the underlying motions, counsel had not yet received a response from the moving parties regarding his request.

2.     Pursuant to MEH Civil Practice Standard III(D), Plaintiffs' memorandum in opposition to a motion may not exceed 20 pages without prior leave of the Court. Plaintiffs are responding in one opposition brief to two motions. Plaintiffs would therefore have 40 pages in which to respond. Plaintiffs' joint opposition brief is 45 pages.

3.     Good cause exists for the Plaintiffs' requested relief:

(a)     Although the Kaweske Defendants' current motion to dismiss is 20 pages in length, it incorporates by reference many of the arguments that were raised in the Kaweske Defendants' previous motions to dismiss (which contained 30 and 13 pages of argument, respectively) as well as the analysis contained in the Court's previous orders to dismiss Sensoria's previous complaint. Additionally, this new motion raises additional arguments related to the Defendants' illegality defense, Plaintiffs' RICO claims, and Plaintiffs' contract claim against Kaweske. For this reason, Plaintiffs have felt compelled to respond to the arguments raised in all of the Kaweske Defendants' motions to dismiss. And they have attempted to explain why the Court's reasoning in its previous order no longer applies to the revised allegations in Plaintiffs' current complaint. The response will address questions of substantive law, pleading,

and procedure, and includes, among other things, four reasons why the Court should not uphold the Kaweske Defendants' illegality defense based on the facts alleged in the revised complaint. As part of this analysis, Plaintiffs will discuss specific ways in which the Court can fashion remedies that do not order any party to take illegal actions. The arguments raised in the Kaweske Defendants' motions and countered in Plaintiffs' response implicate evolving issues and policies. To adequately address these issues and policies, Plaintiffs had to engage in a detailed analysis not possible within the ordinary page limit. The Court should have the benefit of a complete presentation of the issues.

(b) The Evangelista Defendants filed their own separate motion, entitling Plaintiffs to an additional 20 pages of response under the governing rules. The Evangelista Defendants' arguments largely adopt and join the other movants'. Plaintiffs respond to both motions in one joint opposition.

(c) Plaintiffs have endeavored to address the movants' arguments succinctly and efficiently. However, to fully address them, the Plaintiffs request additional pages for their opposition memorandum, expanding the page limit for their opposition from 20 pages to no more than 45. This is a total of 25 additional pages, but is only 5 more total than would be allotted if the Plaintiffs were responding separately to the two separate motions.

(d) The Kaweske Defendants' first motion to dismiss was an overlength motion and, as discussed above, the Defendants have incorporated this motion into their current motion by reference. Sensoria stipulated to these Defendants' requested additional pages.

4. The parties and the Court deserve a full explication of the arguments raised in the dispositive motion. As a result, no party will be prejudiced by the granting of this motion. Plaintiffs do not oppose these Defendants' taking the number of pages they may need on reply.

5. The undersigned is serving a copy of this motion on his clients.

6. The response to both motions is due October 15, 2021.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion for leave to file a joint opposition brief of no more than 45 pages.

DATED this 15th day of October, 2021.

CHRISTIANSEN LAW, PLLC

/s/ Stephen K. Christiansen
Stephen K. Christiansen
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, UT 84111
Telephone: (801) 716-7016
Facsimile: (801) 716-7017
Email: steve@skclawfirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2021, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system and upon Christopher S. Peterson, via email, per consent, to chris@blinghouse.com.

/s/ Stephen K. Christiansen